IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN CLAYTON THOMASON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:19cv160-WHA |
| | ) | [WO] |
| STEVEN T. MARSHALL (Attorney | ) | |
| General of the State of Alabama), | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   INTRODUCTION

Steven Clayton Thomason ("Thomason") filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 on March 4, 2019. Doc. # 1.[1] Thomason attacks his Elmore County, Alabama misdemeanor conviction for failure to obtain a homebuilder's license, for which he received a 10-day suspended sentence and was placed on 12 months of unsupervised probation. For the reasons that follow, the court finds that Thomason is entitled to no relief.

### II.   RELEVANT STATE COURT PROCEEDINGS

On January 20, 2015, Thomason was convicted in the Elmore County District Court for failure to obtain a homebuilder's license in violation of § 34-14A-14, Ala. Code 1975, a misdemeanor. Doc. # 12-1 at 1. The court imposed a 10-day suspended sentence and

---

[1] References to document numbers (Doc(s). #) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

placed Thomason on 12 months' unsupervised probation. *Id.* Pursuant to § 12-12-70(b), Ala. Code 1975, Thomason appealed to the Elmore County Circuit Court for a trial *de novo*. *See* § 12-12-71, Ala. Code 1975. Doc. # 12-1 at 2; Doc. # 12-4 at 1.

During the pendency of his appeal to the state circuit court, Thomason attempted to appeal his conviction to the Alabama Court of Criminal Appeals. Doc. # 12-4. The Alabama Court of Criminal Appeals dismissed the appeal on March 10, 2016, explaining that "jurisdiction of one case cannot be in two courts at the same time" and that jurisdiction of Thomason's case was in the Elmore County Circuit Court. Doc. # 12-5 at 1.

On September 19, 2016, when Thomason failed to appear for the trial *de novo,* the Elmore County Circuit Court dismissed his appeal and remanded the case to the district court to enforce his sentence. *See* Doc. # 12-2 at 6; Doc. # 12-3; Doc. # 12-7 at 1. The circuit court noted on its case action summary that Thomason's sentence was to begin on September 19, 2016. Doc. # 12-2 at 6. Thomason attempted to appeal the circuit court's order of dismissal to the Alabama Court of Criminal Appeals, but the appeal was dismissed on grounds that the circuit court's order was unappealable. Doc. # 12-7.

On May 11, 2017, Thomason filed a petition in the district court collaterally attacking his conviction under Rule 32 of the Alabama Rules of Criminal Procedure. *See* Doc. # 12-8 at 1. The district court denied Thomason's Rule 32 petition on July 11, 2017. Doc. # 12-8 at 1. Thomason did not appeal that dismissal, but on July 14, 2017, he filed in the Alabama Court of Criminal Appeals what that court construed as a petition for writ of mandamus. Doc. # 12-9. The Alabama Court of Criminal Appeals transferred the mandamus petition to the Elmore County Circuit Court for disposition. Docs. # 12-9 & 12-

10. The circuit court denied the mandamus petition on October 3, 2017. Docs. # 12-11 & 12-12. Thomason appealed to the Alabama Court of Criminal Appeals, which dismissed the appeal on November 28, 2017, because Thomason failed to pay the requisite filing fee. Doc. # 12-13. Thomason petitioned the Alabama Supreme Court for review of the Alabama Court of Criminal Appeals' ruling, and the petition for certiorari was stricken on February 27, 2018, because it was untimely filed. Docs. # 12-13 & 12-14.

### III.  THOMASON'S § 2254 PETITION

On March 4, 2019, Thomason filed this § 2254 petition for habeas corpus relief challenging his Elmore County District Court conviction. His petition presents claims that (1) the district court did not have jurisdiction to convict or sentence him because he was not appointed an attorney; (2) his double jeopardy rights were violated because he received multiple convictions for the same crime in the same jurisdiction; (3) his arrest was illegal because he could not seek administrative relief prior to being charged criminally; and (4) the charging instrument upon which he was convicted was based on a forged document, which amounted to "fraud on the court." Doc. # 1 at 5–24.

### IV.   DISCUSSION

#### A.    "In Custody" Requirement

Federal district courts have jurisdiction to entertain § 2254 petitions only from a person "*in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see, e.g., Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). The Supreme Court in *Maleng v. Cook*, 490 U.S. 488 (1989), stated that

3

this "in custody" requirement means "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." 490 U.S. at 490–91. A petitioner is considered "in custody" for purposes of habeas jurisdiction while he is on probation or parole. *See id.* at 491. Where a habeas petitioner's sentence has expired, he does not meet the "in custody" requirement. *Id.*

As noted above, when Thomason was convicted in the Elmore County District Court, that court imposed a 10-day suspended sentence and placed Thomason on 12 months' unsupervised probation. Thomason appealed to the Elmore County Circuit Court for a trial *de novo*, but that appeal was dismissed on September 19, 2016, when Thomason failed to appear. In dismissing the appeal, the circuit court remanded the case to the district court to enforce Thomason's sentence, noting that Thomason's sentence was to begin on September 19, 2016. *See* Doc. # 12-2 at 6; Doc. # 12-3; Doc. # 12-7 at 1. Therefore, Thomason's unsupervised probation would have ended 12 months later, on approximately September 19, 2017. Thomason filed his § 2254 petition on March 4, 2019. Because his sentence, including his term of probation, had by that time fully expired, Thomason was not "in custody" when he filed his § 2254 petition. Thus, this court is without jurisdiction to entertain Thomason's petition.

Thomason cursorily asserts that he was still in custody when he filed his § 2254 petition because "he has been exhausting every state remedy to overturn his conviction" and thus he "never started to serve any sentence." Doc. # 14 at 26. But Thomason presents no evidence that his term of unsupervised probation did not start to run on September 19, 2016, or that the 12-month term was delayed or abated by any state court order before

4

expiring on around September 19, 2017. The mere fact that Thomason pursued various state court proceedings in attempting to overturn his conviction and sentence after September 19, 2016, by itself, would not keep Thomason's sentence from starting to run on the date it was imposed. Thomason was not in custody when he filed his § 2254 petition. This court therefore lacks jurisdiction.

**B.      AEDPA's Limitation Period**

Even if Thomason's § 2254 petition could survive the "in custody" jurisdictional hurdle, his petition would be subject to dismissal under the one-year federal limitation period. *See* Doc. # 12 at 5–6.

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

When Thomason failed to appear in the circuit court for the trial *de novo* scheduled for September 19, 2016, the circuit court dismissed his appeal from the district court's judgment and remanded the case to the district court to enforce his sentence. *See* Doc. # 12-2 at 6; Doc. # 12-3; Doc. # 12-7 at 1. The circuit court's order of dismissal was not appealable, but under § 12-12-70(e), Ala. Code 1975, Thomason had 30 days within which to move for the circuit court to reinstate his appeal. Thomason did not do so. As a result, Thomason's conviction became final on October 19, 2016, i.e., 30 days after his sentence began to run and the circuit court dismissed his appeal. *See* 28 U.S.C. § 2244(d)(1)(A) (providing that AEDPA's limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Absent statutory or equitable tolling, AEDPA's limitation period expired for Thomason on October 19, 2017.

### Statutory Tolling

On May 11, 2017, Thomason filed a Rule 32 petition in the district court challenging his conviction. Under 28 U.S.C. § 2244(d)(2), that filing tolled AEDPA's one-year limitation period. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

6

limitation under this section"). When Thomason filed the Rule 32 petition, the limitation period had run for 204 days (i.e., from October 19, 2016, to May 11, 2017). The district court denied Thomason's Rule 32 petition on July 11, 2017, and Thomason filed no appeal from that denial. Instead he filed in the Alabama Court of Criminal Appeals what that court construed as a petition for writ of mandamus. Therefore, the state court proceedings on Thomason's Rule 32 petition became final 42 days after the district court's July 11, 2017 denial of of the Rule 32 petition, i.e., on August 22, 2017.[2] On that date, the limitation period began to run again, with Thomason having 161 days remaining on AEDPA's clock.[3] The limitation period ran unabated for those 161 days, before expiring on January 30, 2018—over 13 months before Thomason filed his § 2254 petition.

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) do not provide safe harbor for Thomason by affording a different triggering date such that AEDPA's limitation period commenced on some date later than October 19, 2016, or (counting tolling under § 2244(d)(2)) expired on some date later than January 30, 2018. There is no evidence that an unlawful state action impeded Thomason from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Thomason submits no ground for relief with a factual

---

[2] *See* Ala.R.Crim.P. 32.10 & Ala.R.App.P. 4.

[3] Even if the state court proceedings on Thomason's mandamus petition are considered to be part of the proceedings on his Rule 32 petition, his § 2254 petition is untimely. The proceedings on the mandamus petition concluded no later than February 27, 2018, when a petition for certiorari review in the mandamus proceedings was stricken by the Alabama Supreme Court because it was untimely filed. Assuming, for the sake of argument that the mandamus proceedings were part of the Rule 32 proceedings, the state court proceedings on the Rule 32 petition concluded on February 27, 2018. The AEDPA's one-year clock would have resumed on that date and would have expired 161 days later, on August 7, 2018, more than six months before Thomason filed his § 2254 petition in this court.

predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Thomason also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

## Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Thomason cursorily asserts that he is entitled to equitable tolling because, he says, he has been diligent in pursuing his rights and his attorney abandoned his representation of him. Doc. # 12 at 29. However, he fails to set forth facts that demonstrate he acted diligently in filing his § 2254 petition or that any acts by an attorney who represented him amounted to abandonment so as to constitute an "extraordinary circumstance." For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *see Lawrence v. Florida*, 421

F.3d 1221, 1226–27 (11th Cir. 2005). Nothing in the record suggests that equitable tolling should apply in Thomason's case.

### Actual Innocence

The statute of limitations may be overcome by a credible showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Thomason makes only a conclusory assertion of his innocence. *See* Doc. # 14 at 32–33. However, he points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. Thomason's conclusory assertions of his innocence cannot sustain a claim of actual innocence.

## V.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Thomason's petition for writ habeas corpus under 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction. Alternatively, even if Thomason was "in custody" when he filed this petition, the petition should be denied as time-barred and this case dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before May 22, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 8th day of May, 2019.


   /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE