IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAYTON THOMASON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STEVEN T. MARSHALL (Attorney ) <br> General of the State of Alabama), ) <br> ) <br> Respondent. ) | Civil Action No. 2:19cv160-WHA <br> [WO] |

## **ORDER**

This case is before the court on the May 8, 2019 Recommendation of the Magistrate Judge (Doc. # 16) and Petitioner's objection thereto (Doc. # 17).

Following an independent evaluation and *de novo* review of the file in this case, the court finds the objection to be without merit and due to be overruled.

In his 28 U.S.C. § 2254 petition, Petitioner asserted various claims challenging his 2015 conviction for failing to obtain a homebuilder's license, a misdemeanor offense for which Petitioner received a 10-day suspended sentence and was placed on 12 months' unsupervised probation. *See* Doc. # 1. The Magistrate Judge's Recommendation found that Petitioner's § 2254 petition should be dismissed for lack of jurisdiction because, when Petitioner filed the petition (March 4, 2019), his sentence had already expired and he was not "in custody" for purposes of federal habeas jurisdiction. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The Recommendation further found that, even if Petitioner was in

custody when he filed his § 2254 petition, his petition was time-barred under AEDPA's one-year limitation period.

In his objection (Doc. # 17), Petitioner addresses neither the "in custody" issue nor the limitation-period issue that are the bases for the Magistrate Judge's Recommendation. Instead, he reargues the merits of his various claims and alleges irregularities in the state court proceedings related to his conviction. None of these matters, however, overcome the "in custody" requirement for § 2254 petitions or the applicability of AEDPA's limitation period.

This court agrees with the findings of the Magistrate Judge's Recommendation. Accordingly, Petitioner's objection (Doc. # 17) is OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge (Doc. # 16), and it is hereby ORDERED that the petition for writ of habeas corpus (Doc. # 1) is DISMISSED for lack of jurisdiction because Petitioner was not "in custody" when he filed his petition,.

DONE this 29th day of May, 2019.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE