IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAYTON THOMASON,  )<br>  )<br>  Petitioner,  )<br>  )<br>v.  )<br>  )<br>STEVEN T. MARSHALL (Attorney )<br>General of the State of Alabama),  )<br>  )<br>  Respondent.  )  | Civil Action No. 2:19cv160-MHT<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  BACKGROUND

Steven Clayton Thomason is before the court on a *pro se* motion for relief from judgment under Fed.R.Civ.P. 60(b) after this court dismissed his 28 U.S.C. § 2254 petition. Doc. # 27.  By his Rule 60(b) motion, which was filed on September 17, 2019, Thomason seeks vacatur of this court's May 29, 2019 judgment dismissing his § 2254 petition for lack of jurisdiction on the ground Thomason was not in custody when he filed the petition.  *See* Docs. # 16, 22, and 23.

In his § 2254 petition, Thomason asserted various claims challenging his 2015 conviction for failing to obtain a homebuilder's license, a misdemeanor offense for which Thomason received a 10-day suspended sentence and was placed on 12 months' unsupervised probation.  *See* Doc. # 1.  The Magistrate Judge's Recommendation (Doc. # 16) found that Thomason's § 2254 petition should be dismissed for lack of jurisdiction because, when Thomason filed the petition on March 4, 2019, his sentence had already

expired, and he was not "in custody" for purposes of federal habeas jurisdiction (*id.* at 3–5). *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); 28 U.S.C § 2254(a). The Recommendation further found that, even if Thomason was in custody when he filed his § 2254 petition, his petition was time-barred under AEDPA's one-year limitation period. Doc. # 16 at 5–8. *See* 28 U.S.C. § 2244(d). The District Court adopted the Magistrate Judge's Recommendation and entered an order dismissing Thomason's § 2254 petition for lack of jurisdiction because Thomason was not in custody when he filed the petition. *See* Doc. # 22.

## II. DISCUSSION

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court.[1] *See* Fed.R.Civ.P. 1. Rule 60 provides no vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

---

[1] Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case. Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Federal Rule of Civil Procedure 60(d)(1)(3) permits a litigant to bring an action to set aside a final judgment in a civil case "for fraud on the court."

When a *pro se* petitioner, like Thomason, brings a motion under Rule 60(b), the district court may appropriately construe it as a 28 U.S.C. § 2254 habeas petition, and, if applicable, treat it as an unauthorized second or successive petition. *See Williams*, 510 F.3d at 1293–95. If construed as a second or successive petition, the district court lacks subject matter jurisdiction on the merits of any claims in the petition. *Id*. at 1295. In *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005), the Supreme Court provided guidance on how claims in a Rule 60(b) motion should be construed where the petitioner has filed a previous § 2254 petition that has been denied. If the Rule 60(b) motion (1) seeks to add a new claim for relief from the underlying judgment of conviction, or (2) attacks the federal court's previous resolution of a § 2254 claim on the merits, then the court should construe the Rule 60(b) motion as a second or successive § 2254 petition attacking the conviction and sentence, and dismiss it accordingly. *Id*. at 532; *see also Williams*, 510 F.3d at 1293–94. By contrast, when a Rule 60(b) motion attacks some defect in the integrity of the prior federal habeas proceedings, the motion is not a successive § 2254 petition. *Gonzalez*, 545 U.S. at 532–33; *Williams*, 510 F.3d at 1294. Such motions can be ruled on by the district court without the precertification from the court of appeals ordinarily required for a successive § 2254 petition.[2] *Gonzalez*, 545 U.S. at 538.

---

[2] Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]." 28 U.S.C. § 2244(b)(3)(B) & (C). Section 2244(b)(1) provides: "A claim presented in a second or

A "claim," as described by the Court in *Gonzalez*, is "an asserted federal basis for relief from a state court's judgment of conviction." *Id*. at 530. The Supreme Court further explained in *Gonzalez* that:

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (b). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id.* at 532 n.4 (citation omitted).

In his nominal Rule 60(b) motion, Thomason reasserts several of the claims he presented in his § 2254 petition, and he appears also to present various new claims for relief from his 2015 conviction. Although this court's ruling that Thomason was not "in custody" when he filed his § 2254 petition precluded a merits determination on the claims in his

---

successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

4

§ 2254 petition, Thomason's Rule 60(b) motion presents no argument that this ruling by the court was erroneous. While the Rule 60(b) motion cursorily alleges a "fraud upon the court," Thomason's supporting argument for this allegation points to no defect in the integrity of the proceedings on his § 2254 petition; instead, Thomason only makes arguments attacking the validity of his conviction.[3] *See* Doc. # 27 at 5–6.

Insofar as Thomason's Rule 60(b) motion asserts claims for relief from his conviction, his motion amounts to successive § 2254 petition. *Gonzalez*, 545 U.S. at 532; *Williams*, 510 F.3d at 1293–94. Because Thomason has obtained no certification from the Eleventh Circuit authorizing this court to proceed on a successive petition, his successive petition should be dismissed for lack of jurisdiction. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals

---

[3] Thomason's argument in support of his "fraud upon the court" claim reads as follows:

**FRAUD UPON THE COURT** / Thomason's Fourth Amendment violation

21. The warrant used to arrest Thomason was based on a disputed contract fabricated by Joy Jackson the Complaining Witness and [Alabama Homebuilder Licensure] Boards' Investigator Stephen McCullough & Boards Supervisor Jamie Durham. This issue is now ripe for the District Court to launch a full investigation into Thomason's very real Fraud Claim, wherein the State placed this illegal conviction before the Federal Court knowing full well it was ill-conceived and manufactured by Members of the Board's investigative team directly after the State Court ruled against the Board's interpretation of the New Licensing Regulations as applied to the many Defenses of Thomason who existed as a Business before the law changed and was not accorded his equally due Due-Process of timely notice and State ordered Grandfathering Provisions.

Doc. # 27 at 5–6. Thomason's argument here is clearly an attack on his conviction and does not impugn the integrity of this court's judgment dismissing his § 2254 petition for lack of jurisdiction on grounds he was not in custody when he filed the petition.

authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition).

Thomason does assert in his Rule 60(b) motion that he was entitled to equitable tolling of AEDPA's limitation period as applied to his § 2254 petition. *See* Doc. # 27 at 9–11. This could be viewed as an implicit argument by Thomason that this court erred in its alternative finding that, even if Thomason was "in custody" when he filed his § 2254 petition, his petition was time-barred under AEDPA's one-year limitation period.[4] As the Supreme Court noted in *Gonzalez*, the dismissal of a § 2254 petition on statute-of-limitation grounds precludes a merits determination on the claims in the petition. *See Gonzalez,* 545 U.S. at 532 n.4. However, Thomason's argument in support of his claim for equitable tolling is premised on his claim that a false arrest led to his conviction. *See* Doc. # 27 at 9–11. This in no way supports a claim for equitable tolling, as Thomason does not show (or even attempt to show) how his allegedly false arrest prevented him from filing a § 2254 petition within AEDPA's one-year limitation period.[5]

Thus, to the extent Thomason may be challenging this court's alternative ruling that his § 2254 petition was time-barred, Thomason wholly fails to demonstrate any error in that ruling. Relief under Rule 60(b) is a remedy available only in extraordinary

---

[4] This court found that the one-year limitation period for Thomason to file a § 2254 petition expired on January 30, 2018—over 13 months before Thomason filed his § 2254 petition. Doc. # 16 at 7.

[5] Thomason also asserts that his Fourth Amendment/false arrest claim is not subject to AEDPA's limitation period. Doc. # 27 at 11–13. However, he cites no law to support that assertion and instead discusses law concerning the limitation period for false-arrest claims that are presented in 42 U.S.C. § 1983 actions. Thomason's discussion of claims in § 1983 actions is irrelevant to the timeliness of his § 2254 petition.

circumstances, and a party seeking relief under the rule bears a high burden. *See, e.g., Gonzalez*, 545 U.S. at 535; *Saunders v. United States*, 380 F. App'x 959, 964 (11th Cir. 2010). Thomason demonstrates no entitlement to relief under Rule 60(b).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Thomason's nominal Rule 60(b) motion be DISMISSED as a successive § 2254 petition filed without the required appellate court authorization. To the extent Thomason's Rule 60(b) motion attacks some defect in the integrity of the prior federal habeas proceedings, the Rule 60(b) motion lacks merit and should therefore be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 24, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of February, 2020.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE